UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by ___ D.C.
MAY 1 6 2018
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES OF AMERICA,

v.

ROBERT RENNIE,

Defendant.

18-CR-80097-ROSENBERG

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 3509, the United States of America ("the government"), Defendant Robert Rennie, and defense counsel, hereby stipulate to the following, and the Court therefore orders:

1. The government shall provide defense counsel a copy of the SEARCH WARRANT, executed at the defendant's residence. At all times, pertinent to this stipulated protective order, the SEARCH WARRANT includes any part of the following documents filed as part of the SEARCH WARRANT: the criminal cover sheet, motion to seal, order to seal, application, affidavit, SEARCH WARRANT, and attachments A & B.

2. Defense counsel and their office staff (collectively "the defense") and Defendant shall maintain the SEARCH WARRANT, including any copies, as follows:

    a. The defense and Defendant shall use the SEARCH WARRANT solely and exclusively in connection with this case (including investigation, trial preparation, trial, and appeal), and not for any commercial or other purpose.

    b. Copies of the SEARCH WARRANT shall be maintained by the defense at their law firm and within a computerized folder accessible only by listed defense counsel.

    c. A copy of this Protective Order shall be kept with the copies of the SEARCH WARRANT at all times.

    d. The only people who may view the SEARCH WARRANT is the defense, Defendant, and any experts designated by the defense (as detailed below). Defendant may access and view the SEARCH WARRANT solely in the presence of counsel and under the direct supervision and control of counsel. Defendant may take notes regarding the SEARCH WARRANT only at defense counsel's office or while in custody, and must leave those notes with defense counsel, if said notes are produced while in custody.

    e. In no event shall the defense, Defendant or defense team disclose or describe any part of the SEARCH WARRANT to any other person or entity other than the government, or this Court. Should the defense or Defendant need to disclose or describe the SEARCH WARRANT to this Court, it shall do so under seal. The defense and defense team may consult with out member of the defense bar concerning the nature of the SEARCH WARRANT and any possible defenses, without disclosing the actual warrant.

    f. No person shall view or have access to the SEARCH WARRANT until certifying that they have read, understand, and agree to the terms of this Protective Order and have manifested their assent to be bound thereby, and to be subject to the jurisdiction of the Court for the purpose of proceedings relating to the performance under, compliance with, or violation of this Protective Order, by signing a copy of the attached "Acknowledgement of Stipulated Protective Order." A copy of each signed acknowledgement shall be maintained by defense counsel.

  3. The defense and Defendant may describe or provide the SEARCH WARRANT to any expert retained by them, whether testifying or non-testifying, but only if:

    a. The expert must execute an Acknowledgement of Protective Order, and by doing so, agree to maintain the SEARCH WARRANT in accordance with the above procedures

as if they were members of the defense, and solely for the purposes of assisting the defense in this case, and not for any other purpose.

b. The procedures outlined above shall govern the expert's use, maintenance, disclosure, and safekeeping of the SEARCH WARRANT, except the expert may maintain the SEARCH WARRANT at their offices, under the same secure conditions provided above.

4. Defense counsel shall keep an up-to-date list of any persons who are not employed by the Federal Public Defender in the Southern District of Florida.

5. Defense counsel shall promptly notify the government and this Court if the SEARCH WARRANT is disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally. Defendant and any defense experts shall promptly notify defense counsel of any such disclosures.

6. Any SEARCH WARRANT material provided pursuant to this Order, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Eleventh Circuit or Supreme Court of the United States, must either destroy, or return to the United States, or keep within a secure file within the Office of the Federal Public Defender.

7. While this Protective Order governs pretrial discovery, the parties contemplate that an additional order shall cover disclosure during any potential trial.

8. Violation of this Protective Order may be punishable by contempt of court, whatever other sanction the Court deems appropriate, and/or other legally available sanctions.

9. The provisions of this Order shall not terminate at the conclusion of this prosecution.

If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

SO STIPULATED:

BENJAMIN G. GREENBERG
United States Attorney

By: _____    Date: 5/16/18
GREGORY SCHILLER
Assistant United States Attorney

_____    Date: 5/16/18
CAROLINE McCRAE
Counsel for Defendant

_____    Date: 5-16-18
ROBIN ROSEN-EVANS
Counsel for Defendant

_____    Date: 5/16/18
ROBERT RENNIE
Defendant

IT IS SO ORDERED.

_____    Date: 5/16/2018
WILLIAM MATTHEWMAN
United States Magistrate Judge